## Frank Owens *v.* Commonwealth.

[Abstract Kentucky Law Reporter, Vol. 5—174.]

**Criminal Law—Indictment.**

An indictment charging one taking and detaining a woman against her will with intent to have carnal knowledge with her is not subject to demurrer because of stating two offenses in one charge, that of taking or detaining. The words are merely descriptive of the offense denounced, and either of them constitutes a single offense, the purpose of the taking and detention being the gravamen of the offense.

**Intent to Rape No Defense.**

It is no defense against a charge of taking and detaining a female against her will, with intent to have carnal knowledge with her, that a rape was either intended or accomplished, as a conviction of the offense charged is a bar to a future prosecution for the same acts on which the conviction may be had.

APPEAL FROM GREENUP CIRCUIT COURT.

June 5, 1883.

OPINION BY JUDGE HARGIS:

The indictment charges the appellant with the offense of taking and detaining a woman against her will with intent to have carnal knowledge with her himself, and specifically states the facts constituting the offense.

The appellant demurred to the indictment because of a misjoinder of offenses consisting in the conjunctive charge of "taking and detaining." The Gen. Stat. 1881, ch. 29, art. 4, § 9, provides that "Whoever shall unlawfully take or detain any woman against her will," etc. "shall be confined in the penitentiary," etc. While taking or detaining with the intent named in the statute will constitute the offense, in most cases of this character a taking involves detaining necessarily, and the proof in the present case shows both taking and detaining, which constitute but one offense, of which the appellant was charged, tried and convicted.

Those words of the statute are merely descriptive of the manner in which the offense denounced by it may be committed, and whether taking or detaining or both be charged and proved they or either of them constitute the single offense described by the statute, the intent or purpose of the taking and detention being the gravamen of the offense. The instructions were confined to the proof of detaining which was beneficial rather than prejudicial to the rights of the appellant; for, by the instruction the fact of taking, clearly proved, was left out of view, and the charge confined to the detention of Anna Walters after the act of taking was completed, if such a separation of taking and detaining where one person does both acts be possible.

It is true that the taking and detaining of Anna Walters embraced an assault, but whether the appellant intended to commit a rape upon her person if he failed to overcome her objections to illicit intercourse with him is not clear. While he may have been guilty of the offense of an assault with intent to rape, still it is embraced in the offense charged, and when proved under an indictment founded on the statute if taking or detaining be shown the offender may have meted out to him the statutory penalty. The more violent the taking or detention and the more wicked the intention of having carnal

knowledge, the more certainly is the offense, denounced by this statute, made out.  It is no defense against the statutory charge that a rape was either intended or accomplished, as a conviction under the statute is a bar to a future prosecution for the same acts on which the conviction may be had.  The testimony sustains the verdict.

Wherefore the judgment is *affirmed.*

*B. F. Bennett, W. A. J. Rardin, for appellant.*

*P. W. Hardin, for appellee.*